UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRYSTAL SMITH AND TIFFANY EARIN, on behalf of themselves and all those similarly situated, | CIVIL ACTION NO.: |
| Plaintiffs, | SECTION: |
| vs. | MAGISTRATE: |
| DASUYA ENTERPRISES, LLC; MINAKSHI PANDIT; AND HANU KAUSHAL | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, by and through undersigned counsel, file this Collective Action Complaint, asserting collective action claims for violation of the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* and state as follows.

## INTRODUCTION

1. Plaintiffs Crystal Smith and Tiffany Earin ("Plaintiffs") bring this action on behalf of themselves and a group of individuals similarly situated, as a collective action against Defendants Dasuya Enterprises, LLC; Minakshi Pandit and Hanu Kaushal (collectively "Defendants"), seeking unpaid minimum wage and/or overtime, an equal amount as liquidated damages, plus attorney's fees and costs, due to the Defendants' deliberate and willful policy and practice of failing to pay their non-exempt, hourly employees minimum wage for all hours worked and overtime pay for hours worked in excess of 40 in any given week to which they are entitled by law.

2. Plaintiffs and the members of the collective action class are current and former non-exempt, hourly employees who have been employed by the Defendants as hourly employees in its Subway restaurants in the New Orleans and Jefferson Parish areas during the time period of November 2014 through the present.  These Subways are franchised, owned and/or operated in whole or in part by Dasuya Enterprises, LLC, which is owned in whole or in part by Minakshi Pandit and Hanu Kaushal, who are also named as Defendants in this action.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 because they raise a question of federal law pursuant to 28 U.S.C. §1331 and under 29 U.S.C. § 216(b), the FLSA.

4. Venue is proper in this Court because the events giving rise to Plaintiffs' claims occurred within this judicial district and because Defendants reside in and do business in this judicial district and are subject to personal jurisdiction here.

## PARTIES

5. Plaintiffs have been employed as non-exempt, hourly employees at Subway stores owned and/or operated by the Defendants in the New Orleans and Jefferson Parish at some point since November 2014.

6. The persons or entities named as the Defendants herein are as follows:

(a) Dasuya Enterprises, LLC

(b) Minakshi Pandit

(c) Hanu Kaushal

2

7. Defendant Dasuya Enterprises, LLC is in the business of operating Subway sandwich stores in the New Orleans and Jefferson Parish area. At all times material hereto, Defendant was and continues to be doing business in Jefferson Parish and/or Orleans Parish, Louisiana. At all relevant times hereto, Defendant was and continues to be engaged in interstate commerce and in the production of goods for commerce throughout the United States.

8. At all times material hereto, Defendant Minakshi Pandit was the owner and/or operator of the Subway locations that were owned by Defendant Dasuya Enterprises, LLC at issue herein. Plaintiffs are informed and believe and thereon allege that Defendant Pandit jointly employed Plaintiffs and the members of the collective action class with the other Defendants as he was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees.

9. At all times material hereto, Defendant Hanu Kaushal was the owner and/or operator of the Subway locations that were owned by Defendant Dasuya Enterprises, LLC at issue herein. Plaintiffs are informed and believe and thereon allege that Defendant Kaushal jointly employed Plaintiffs and the members of the collective action class with the other Defendants as he was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees.

10. At all times material hereto, the Defendants worked in concert to operate and run a business that served a single common goal, and the Defendants are therefore joint employers of Plaintiffs.

11. At all times material hereto, some or all of the the named Plaintiffs and/or members of the collective action class worked interchangeably for all of the Defendants.

12. At all times material hereto, the Defendants utilized the same method for paying the named Plaintiffs and members of the collective class.

13. On information and belief, at all times material hereto, the Defendants have employed and/or jointly employed Plaintiffs and the members of the collective within the meaning of the FLSA.

14. Each Defendant is jointly and severally liable for the unlawful acts alleged herein.

**PLAINTIFFS ARE SUBJECT TO THE PROVISIONS OF THE FLSA**

15. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were the Plaintiffs' "joint employers" within the meaning of FLSA.

17. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

18. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

19. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

20. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

21. Specifically, Defendants operate a network of Subway stores located throughout the New Orleans and Jefferson Parish area in the State of Louisiana and regularly utilize equipment, produce and other materials from out of state.

22. Plaintiffs handled all of these goods and products daily and additionally ran credit cards issued by international banking institutions and which were processed across interstate lines to facilitate purchases of the goods sold by Defendants.

23. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods, considering the number of locations Defendants operate and the volume of business done by each store.

24. Thus, Plaintiffs are subject to the provisions of the FLSA under both "individual coverage" and "enterprise coverage."

## STATEMENT OF FACTS

25. The Defendants are in the business of operating Subway stores in the New Orleans and Jefferson Parish area.

26. Employment with the Defendants was less than ideal. The work environment was permeated by hostility, and was a place where the Defendants showed a fundamental lack of respect for their employees and an indifference to workplace safety and their working environment. Not surprisingly, the Defendants

also flouted their obligations under the FLSA by refusing to pay the employees proper wages, including minimum wages and overtime.

27. Specifically, under the Defendants' wage compensation system, the Defendants did (and do) not pay Plaintiffs and the members of the collective action class time and a half for hours worked in excess of 40 in a week. Rather, the Defendants merely paid Plaintiffs and the members of the collective straight time for hours worked in excess of 40 in a week.

28. Furthermore, the Defendants unlawfully required Plaintiffs and the FLSA Plaintiffs to work "off the clock" and did not pay them minimum wage for these hours.

29. Finally, Defendants made unlawful and unexplained deductions from Plaintiffs' pay.

30. Plaintiff Crystal Smith was employed by Defendants as an hourly paid assistant manager from approximately March 2017 through October 2017.

31. Plaintiff Tiffany Earin was employed by Defendants as a crew member from approximately July 2017 to October 2017.

32. During Plaintiffs' tenure, Defendants exercised complete control over the time, place and manner of Plaintiffs' work. Plaintiffs had no ability to control their schedules, the place or time they would work or who they would be working with during the time they spent working for the Defendants.

33. During the time they worked for the Defendants, Plaintiffs often worked in excess of 40 hours per week for Defendants, including "off the clock" hours.

34. Although Plaintiffs regularly worked in excess of 40 hours per week for the Defendants, they were not paid time and one-half for hours worked in excess of 40 per week, in direct violation of the FLSA.

35. In addition, Plaintiffs were forced to work hours for Defendants "off the clock" for which they were not compensated, thus depriving them of minimum wage for all hours worked for Defendants (as well as overtime wages when these "off the clock" hours resulted in them working overtime hours).

36. Furthermore, the Defendants also made unexplained random deductions from the Plaintiffs' pay. In so doing, Defendants also caused Plaintiffs' wages, at times, to slip below the mandated minimum wage and/or cut into their overtime compensation in violation of the FLSA.

37. Furthermore, the Defendants failed to maintain proper time records as mandated by the FLSA.

38. In violating the FLSA, the Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## ALLEGATIONS FOR COLLECTIVE ACTION

39. Plaintiffs bring this case as a collective action pursuant to the FLSA, 29 U.S.C. §216(b). The collective that Plaintiffs seek to represent is defined as follows:

> All current and former non-exempt, hourly employees who worked for the Defendants at Subway stores in the New Orleans and Jefferson Parish area during the time period of November 2014 through the present.

40. Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for all claims

asserted by Plaintiffs for the members of the collective, because the claims of Plaintiffs are similar to the claims of the members of the collective.

41. Members of the collective are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without compensation.

42. Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

43. Plaintiffs will fairly and adequately represent and protect the interests of the members of the collective. Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

44. These similarly situated employees are known to the Defendants and are readily identifiable through the Defendants' records. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, minimum wage violations, improper deductions, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Wages and Minimum Wage in Violation of the FLSA, 29 U.S.C. §206, 207**

45. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

46.     As described above, Defendants violated 29 U.S.C. § 206 by making unexplained and unnecessary deductions from Plaintiffs' and members of the collective's wages so as to cause their wages to at times fall below the federally mandated minimum wage rate.

47.     In addition, or in the alternative, Defendants violated 29 U.S.C. § 206 by requiring Plaintiffs and members of the collective to work hours "off the clock" for which they were not paid.

48.     In addition, or in the alternative, Defendants violated 29 U.S.C. § 207 by failing to compensate Plaintiffs for all hours worked, and by knowingly failing to compensate Plaintiffs at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

49.     Furthermore, Defendants failed to maintain proper time records as mandated by the FLSA, thereby violating the record-keeping requirements of the FLSA.

50.     Defendants were willful in their violation of the FLSA.  Defendants knew or should have known that their conduct was unlawful and/or showed reckless disregard for the lawfulness of their actions.  As a result, Defendants are liable under 29 U.S.C. §216(b) to Plaintiffs and the members of the collective for liquidated damages in an amount equal to the wages Defendants failed to pay as a result of the foregoing violation.

51.     Plaintiffs and the members of the collective are thus entitled to all of the minimum and overtime wages they are owed and liquidated damages, as well as costs

and attorneys' fees they have expended in successfully bringing this action to recover their unpaid wages.

52. Upon the lapse of the appropriate time period(s), Plaintiffs reserve the right to amend their suit to later assert state law claims of wrongful termination.

## JURY TRIAL DEMAND

53. Plaintiffs demand a trial by jury as to all claims so triable.

## ATTORNEY'S FEES

54. The named plaintiffs have retained the law firm of Jackson+Jackson to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

55. Plaintiffs' consent to file this Complaint is evidenced by their signed consent forms, attached hereto as Exhibit A.

## RESERVATION OF RIGHTS

56. Plaintiffs reserve the right to file additional claims against Defendants for wrongful and/or retaliatory termination once the applicable delays have run.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

    a. That this Court permit this action to proceed as a "collective action" under 29 U.S.C. §216(b);

    b. That the Defendants be ordered to pay all unpaid wages, including minimum wages and overtime, to Plaintiffs and the members of the collective;

    c.      That the Defendants be enjoined from continuing the unlawful policies described herein;

    d.      That this Court order Defendants to pay liquidated damages to Plaintiffs and the members of the collective;

    e.      That this Court award Plaintiffs and the members of the collective all statutory penalties, interest, and attorneys' fees and costs to which they are entitled.

    f.      That this Court award to Plaintiffs and the members of the collective all other relief to which they are entitled.

Respectfully Submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, #28938
Mary Bubbett Jackson, #29110
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net

*Attorneys for Plaintiffs*

**Please Serve:**

**Minakshi Pandit**
**Hanu Kaulhal**
**Dasuya Enterprises, LLC**
Through its registered agent,
Rajan Pandit
3810 Jefferson Highway
Broussard, LA 70518