UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRYSTAL SMITH, ET AL.                          CIVIL ACTION

VERSUS                                         No.: 17-17895

DASUYA ENTERPRISES LLC,                        SECTION: "J" (1)
ET AL.

## ORDER & REASONS

Before the Court are a *Motion to Conditionally Certify FLSA Collective Action and to Facilitate Notice* **(Rec. Doc 67)** filed by Plaintiffs Crystal Smith and Tiffany Earin, an opposition thereto (Rec. Doc. 72) filed by all Defendants, and a reply (Rec. Doc. 81) by Plaintiffs. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This is a collective action filed by Plaintiffs under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs bring this suit on behalf of themselves and all others similarly situated to recover allegedly unpaid minimum wages and overtime wages for work they performed for Defendant Dasuya Enterprises, LLC ("Dasuya"), which owns or operates Subway franchises in New Orleans and Jefferson Parish. Dasuya was allegedly founded in 2014 by Defendants Minakshi Pandit and Hanu Kaushal in order for Kaushal and his wife, Defendant Sandal Kaushal, to operate a Subway restaurant on Jefferson Highway. Defendant Rohin Sharma is alleged to be the owner of the franchise agreement for that location

and to have been involved in the day-to-day operation of the business along with his wife, Defendant Harpreet Sharma. At some point in 2018, after this lawsuit was filed, Minakshi Pandit and Hanu Saushal were removed as members of Dasuya and Rohin Sharma became the sole member of Dasuya. In July 2018, Rohin Sharma and Minakshi Pandit are alleged to have transferred their interest in Dasuya to Defendants Jasbir Kaur and Narinder Singh, who currently operate the business.

Plaintiffs allege that they and their coworkers were employed by Defendants as hourly employees and were regularly required to work off the clock hours, for which they were not paid. Plaintiffs further allege that they and their coworkers regularly worked in excess of forty hours per week. Plaintiffs claim that Defendants willfully failed to pay them and other similarly situated employees for every hour worked, thereby reducing their rate of pay to below the federal minimum wage, in violation of 29 U.S.C. § 206, and willfully failed to pay overtime wages for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207. Accordingly, Plaintiffs seek to recover unpaid wages, interest, liquidated damages, and reasonable attorney's fees and costs on behalf of themselves and other similarly situated employees who worked for Defendants during the past three years.

Plaintiffs also assert individual claims against Defendants. Plaintiff Smith brings a retaliation claim for her termination allegedly because she attempted to make a worker's compensation claim. Plaintiff Earin asserts a pregnancy discrimination claim challenging her termination. Finally, both Smith and Earin assert a claim for failure to pay final wages.

---

In their reply, Plaintiffs first contend that the Court should not consider merits-based arguments on FLSA coverage at the conditional certification stage. Plaintiffs next argue that they are covered individually by the FLSA because they handled credit card, check, and cash transactions that originated from out of state and also used materials and equipment that originated from out-of-state vendors. Finally, Plaintiffs assert that Defendants have provided no evidence of their income to demonstrate that enterprise coverage does not apply.[3]

## LEGAL STANDARD

The FLSA "establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek." *McGavock v. City of Water Valley*, 452 F.3d 423, 424–25 (5th Cir. 2006) (citing 29 U.S.C. § 207). The FLSA affords workers a right of action for violations of this rule. 29 U.S.C. § 216(b). Such workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." *Id.* "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007). The notice must be "timely, accurate, and informative." *Id.* (citing *Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 172 (1989)). To participate in a collective action, each

---

[3] Additionally, Plaintiffs moved to strike Defendants' opposition as untimely. (Rec. Doc. 73). Because the Court finds Defendants' arguments unavailing, as explained below, the motion to strike will be denied as moot.

employee must give consent in writing by notifying the court of the employee's intent to opt in to the collective action. 29 U.S.C. § 216(b).

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated." *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004). The FLSA does not define the term "similarly situated." *See* 29 U.S.C. § 207; *see also Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *4 (E.D. La. Nov. 6, 2013). However, the Fifth Circuit has recognized that courts have followed two methods of determining whether the putative class members are "similarly situated" and whether notice should be given: the two-stage class certification approach typified by *Lusardi v. Xerox Corp*, 122 F.R.D. 463 (D.N.J. 1988), and the "spurious" class action approach espoused by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).[4] The Fifth Circuit has expressly refused to endorse either method over the other. *See Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 & n.7 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). However, this Court traditionally follows the *Lusardi* two-step analysis to determine whether plaintiffs are similarly situated and will do so here. *See, e.g., Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015) (applying the *Lusardi* standard to determine that employees were

---

[4] Under the *Shushan* approach, the "similarly situated" inquiry in FLSA collective action certification is considered to be coextensive with Fed. R. Civ. P. Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified.

sufficiently similarly situated to justify proceeding as a collective action); *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011) (noting that the *Lusardi* approach is "the more common approach and routinely used by courts in this District").

The *Lusardi* approach is comprised of two stages. First, during the "notice stage," the Court determines whether to grant "conditional certification" and issue notice to potential members of the putative collective class. *See Chapman v. LHC Grp., Inc.*, No. 13-6384, 2015 WL 5089531, at *5 (E.D. La. Aug. 27, 2015). In other words, the Court conducts an initial inquiry into "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). Courts usually base this decision upon "the pleadings and any affidavits that have been submitted." *Mooney*, 54 F.3d. at 1214. At the notice stage, the burden is on the plaintiff to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Chapman*, 2015 WL 5089531, at *5. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214 (footnote omitted). Although the standard is lenient, "it is by no means automatic." *Lima*, 493 F. Supp. 2d at 798. Generally, courts "require nothing more than

substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8 (citation omitted). If the Court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. *Id.* at 1214. The case then proceeds through discovery as a representative action. *Id.*

The second stage of the *Lusardi* approach is usually triggered by a motion for decertification filed by the defendant, typically "after discovery is largely complete and more information on the case is available." *Acevedo*, 600 F.3d at 519. At this stage, the Court applies a three-factor test, "considering (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individuated; and (3) fairness and procedural concerns." *Chapman*, 2015 WL 5089531, at *6 (citing *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008)). Then, the Court "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Acevedo*, 600 F.3d at 518-19. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial." *Mooney*, 54 F.3d at 1214. If the plaintiffs are not similarly situated, the Court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the class representatives proceed to trial on their individual claims. *Id.*

## DISCUSSION

### I.   CONDITIONAL CERTIFICATION

In order to proceed collectively, "Plaintiffs must only be similarly—not identically—situated." *Prejean*, 2013 WL 5960674, at *5 (quoting *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)). Conditional certification is appropriate when there is "a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008) (quoting *Crain v. Helmerich & Payne Int'l Drilling Co.*, No. 92-0043, 1992 WL 91946, at *4-5 (E.D. La. Apr. 16, 1992)). "Thus, a court can foreclose a plaintiff's right to proceed collectively only if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Id.* at 878 (quoting *Helmerich*, 1992 WL 91946, at *2). As previously noted, this determination is generally made based on the pleadings and sworn declarations that have been submitted. *Mooney*, 54 F.3d at 1214. In the Fifth Circuit, "there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *Lopez v. Hal Collums Constr., LLC*, No. 15-4113, 2015 WL 7302243, at *6 (E.D. La. Nov. 18, 2015) (quoting *Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015)). "The notice stage requires the plaintiff to show, at least, that similarly situated individuals *exist*." *Id.* at *6 (quoting *Banegas*, 2015 WL 4730734, at *5).

Here, Plaintiffs allege that while working for Defendants, they were required to work off the clock hours for which they were not paid, and they were not paid one-

and-a-half times their regular hourly rate for all hours worked in excess of forty hours per week, all in violation of the FLSA. Plaintiffs also allege that Defendants failed to keep accurate records of the hours worked by Plaintiffs and their other employees, and that they misled Plaintiffs and their other employees about the law regarding overtime pay. In addition, Plaintiffs have submitted sworn declarations in support of their allegations. Both Plaintiffs were hired by Defendants in 2017 and worked for them until October 2017.[5] Plaintiff Smith was employed as an assistant manager, while Plaintiff Earin was employed as a crew member.[6] Plaintiff Smith's hourly rate was $8.00 per hour[7] and Plaintiff Earin's hourly rate was $7.25 per hour.[8] However, both declared that they were "often required to work off the clock hours for Defendants without pay," resulting in them not being paid the federal minimum wage for each and every hour that they worked for Defendants.[9] Plaintiffs declared that Defendants' other employees, including sandwich preparers and cashiers, were paid by the hour and that Plaintiffs were aware that Defendants "often required other hourly employees . . . to work off the clock without pay."[10] Plaintiffs further declared that they regularly worked in excess of forty hours per week but were not paid overtime pay, and that they were "personally aware that Defendants scheduled other hourly employees to work in excess of 40 hours per week and did not pay them overtime for any hours worked in excess of 40 per week."[11]

---

[5] (Rec. Doc. 67-2, at 1; Rec. Doc. 67-3, at 1).
[6] (Second Amended Compl., Rec. Doc. 37, at 10).
[7] (Rec. Doc. 67-2, at 2).
[8] (Rec. Doc. 67-3, at 2).
[9] (Rec. Doc. 67-2, at 2; Rec. Doc. 67-3, at 2).
[10] (Rec. Doc. 67-2, at 1-2; Rec. Doc. 67-3, at 1-2).
[11] (Rec. Doc. 67-2, at 1-2; Rec. Doc. 67-3, at 1-2).

From 2014 to at least July 2018, Defendants Minakshi Pandit, Hanu Kaushal, Sandal Kaushal, Rohin Sharma, and Harpreet Sharma allegedly owned or operated Dasuya's Subway restaurants and had the authority to hire and fire employees as well as authority over scheduling and payment for the work.[12] From July 2018 to the present, Defendants Jasbir Kaur and Narinder Singh allegedly owned or operated the Subway restaurants and had authority over hiring, termination, scheduling, and payment of employees.[13] Plaintiffs allege that Kaur and Singh have maintained the same payroll practices of not paying employees for hours worked off the clock and not paying overtime pay.[14] The Court finds that the pleadings and Plaintiffs' declarations set forth "substantial allegations that the putative class members were together victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 n.8.

Defendants oppose conditional certification on grounds that Plaintiffs are not covered by the FLSA. However, Defendants' arguments are unavailing because the resolution of issues regarding FLSA coverage is premature at this stage. Courts in this district have conditionally certified collective actions despite questions about FLSA coverage or the employment status of the plaintiffs and the putative class. *See, e.g.*, *Caceres v. Custom Drywall & Painting LLC*, No. 17-6949, 2018 WL 1705575, at *4 (E.D. La. Apr. 9, 2018) (collecting cases). "'Although courts have later decertified actions because of employment questions, this does not alter the present burden at the conditional certification stage considered here.'" *Id.* (citation omitted). Thus, an

---

[12] (Rec. Doc. 37, at 4-5).
[13] *Id.* at 5-6.
[14] *Id.* at 9.

inquiry as to whether Defendants qualify as an FLSA employer will be better addressed at the decertification stage after discovery has occurred, when the Court will be able to examine all the evidence more fully. *See id.*; *Bridges v. Absolute Lawn Care LA, LLC*, No. 16-448, 2016 WL 6440326, at *11 (E.D. La. Nov. 1, 2016).

Accordingly, Plaintiffs have satisfied their lenient burden of showing that there is likely a class of similarly situated employees entitled to receive notice. *See Mooney*, 54 F.3d at 1214.

## II.  PROPOSED NOTICE

Section 216(b) of the FLSA imparts the district court with discretionary authority to facilitate notice to potential plaintiffs. *Lima*, 493 F. Supp. 2d at 800 (citing *Hoffman-LaRoche*, 493 U.S. at 169). When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties. *See, e.g.*, *Banegas*, 2015 WL 4730734, at *6; *Perkins*, 2015 WL 771531, at *5. Plaintiffs submitted proposed notice and opt-in forms along with the instant motion.[15] To facilitate the sending of the notice and consent forms, Plaintiffs also move the Court for an order directing Defendants to provide a list of the names, telephone numbers, email addresses, and last known addresses of potential class members. Plaintiffs request that the Court order Defendants to produce this information within two weeks after the signing of the order. Finally, Plaintiffs request an opt-in period of 120 days to allow sufficient time for Defendants' past and present employees to opt-in to the suit.

---

[15] (Rec. Docs. 67-5, 67-6).

Defendants have not indicated that they have any objections to the proposed notice, nor have they requested additional time to confer with Plaintiffs and submit to the Court a joint notice. Accordingly, the Court finds that this proposed notice is acceptable, as provided in this Order.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Conditionally Certify FLSA Collective Action and to Facilitate Notice* **(Rec. Doc 67)** is **GRANTED**, and this matter is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**IT IS FURTHER ORDERED** that the proposed Notice and Opt-In Forms are hereby approved.

**IT IS FURTHER ORDERED** that Notice shall be sent to the following: "All persons employed by Defendants since December 2016 who were paid on an hourly basis but were required to work off the clock hours for which they were not paid, thereby depriving them of the federal minimum wage and/or were not paid at an overtime rate of one and one-half times their hourly rate of pay for each hour worked in excess of forty per week."

**IT IS FURTHER ORDERED** that Defendants shall provide a list of the names, dates of employment, telephone numbers, email addresses, and last known addresses of all current or former employees who may be members of the collective class to counsel for Plaintiffs within **<u>fourteen (14) days</u>** of this Order.

**IT IS FURTHER ORDERED** that the time period in which potential opt-in plaintiffs may opt-in is **120 days**. The 120-day opt-in period will begin to run on the date that Defendants provide a complete list of the names, dates of employment, telephone numbers, email addresses, and last known addresses of all potential opt-in plaintiffs to counsel for Plaintiffs. All Opt-In Forms must be filed on the record no later than **fourteen (14) days** from the end of the opt-in period.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion to Strike* **(Rec. Doc. 73)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 14th day of January, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE