UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRYSTAL SMITH, ET AL.                    CIVIL ACTION

VERSUS                                   17-17895

DASUYA ENTERPRISES, ET                   SECTION: "J" (1)
AL.

## ORDER & REASONS

Before the Court is Plaintiffs' *Motion for Sanctions* **(Rec. Doc. 89)**. Plaintiffs

seek to sanction Defendants for not complying with the Court's orders of January 14,

2020 (Rec. Doc. 83) and March 26, 2020 (Rec. Doc. 85) by failing to produce a list of

putative class members' names and contact information.[1] Plaintiffs request that the

Court sanction Defendants by striking their answers from the record and entering a

default judgment against them. The motion is unopposed. Considering the motion

and memoranda, the record, and the applicable law, the Court finds that the motion

should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This is a collective action under the Fair Labor Standards Act to recover unpaid

minimum wages and overtime wages. On January 14, 2020, the Court conditionally

certified the collective action.[2] As part of the collective certification order, the Court

directed Defendants to "provide a list of the names, dates of employment, telephone

---

[1] Plaintiffs also sought to sanction Defendants for failing to pay attorney's fees as ordered by the Court (*See* Rec. Doc. 88). However, Plaintiffs have informed the Court that these fees have been paid (Rec. Doc. 89-3).

[2] (Rec. Doc. 83).

numbers, email addresses, and last known addresses of all current or former employees who may be members of the collective class to counsel for Plaintiffs within fourteen (14) days."[3] But "[r]ather than produce the list, Defendants reached out to Plaintiffs on January 28, 2020, about setting a settlement conference. Although Plaintiffs responded in good faith, Defendants failed to reply to Plaintiffs' attempts to schedule a conference."[4] Accordingly, the Court granted Plaintiffs' motion for contempt, ordered Defendants to disclose the list within seven days, and allowed Plaintiffs to recover reasonable attorney's fees for filing the motion for contempt.[5]

Nevertheless, Defendants continue to refuse to disclose the list of putative class members. Accordingly, Plaintiffs now seek sanctions against Defendants in the form of striking their answers from the record and entering a default judgment against them. Defendants again have not responded to the motion.

## LEGAL STANDARD

Rule 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). Sanctions authorized by Rule 37(b)(2)(A) include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(iii), (vi).

The entry of a default judgment is an extreme sanction and should only be imposed "in the face of a clear record of delay or contumacious conduct by the party."

---

[3] *Id.* at 13.
[4] (Rec. Doc. 86, at 2).
[5] *Id.*

*SEC v. First Hous. Capital Res. Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992) (internal quotation marks and citation omitted). The Court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *Id.* (internal quotation marks and citation omitted).

## DISCUSSION

In addition to the conduct described above, the Court previously noted the following dilatory conduct by Defendants:

> Defendants failed to respond to Plaintiffs' two motions to compel discovery responses, which led to the Magistrate Judge granting them as unopposed. When Defendants failed to comply with the order granting the second motion to compel, Plaintiffs filed their first motion for contempt, which was denied without prejudice because Defendants finally bothered to respond.[6]

Thus, the record in this case demonstrates a clear history of delay and contumacious conduct by Defendants. Defendants have refused to comply with two Court orders to disclose the list of putative class members, which should have been done over four months ago. Additionally, the Court finds that monetary sanctions are not sufficient to serve the interests of justice because Defendants have already been ordered to pay a penalty to Plaintiffs but have not been deterred in their refusal. Further, the refusal to disclose the putative class member list (information that is peculiarly within Defendants' knowledge) is a transparent effort to avoid liability and thus a tacit admission of guilt: the only reasonable explanation for Defendants' conduct is they believe they will be subject to more liability by disclosing the list rather than by

---

[6] (Rec. Doc. 86, at 1-2).

refusing to comply with the Court's orders. The Court cannot countenance this behavior.

The Court concludes that a lesser sanction would not serve the interests of justice and therefore will strike Defendants' answers and enter a default judgment against them on the issue of liability. Additionally, the Court will award Plaintiffs all their reasonable attorney's fees incurred in this litigation.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Sanctions* **(Rec. Doc. 89)** is **GRANTED**, Defendants' answers are **STRICKEN** from the record, and a default judgment against Defendants is entered on the issue of liability.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit evidence of their damages in writing within 30 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs may file an appropriate motion for attorney's fees within 30 days of this Order.

New Orleans, Louisiana, this 16th day of June, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE